```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

_____
                                    :
TIMOTHY BUTTLER,[1]                 :   CIVIL ACTION
          Petitioner,               :
                                    :
     v.                             :   NO. 07-1529
                                    :
JAMES L. GRACE,                     :
          Respondents.              :
_____:

HENRY S. PERKIN
UNITED STATES MAGISTRATE JUDGE

**REPORT AND RECOMMENDATION**

Presently before the Court is a <u>pro se</u> Petition for Writ of Habeas Corpus filed by the Petitioner, Timothy Buttler ("Petitioner"), pursuant to 28 U.S.C. section 2254. The Petitioner is currently incarcerated in the State Correctional Institution located in Huntington, Pennsylvania. For the reasons that follow, it is recommended that the Petition should be denied with prejudice and dismissed without an evidentiary hearing.

**I.      PROCEDURAL HISTORY.**[2]

Petitioner pled guilty to second degree murder and robbery before the Honorable Robert A. Latrone in the Court of

---

[1] Petitioner spelled his surname on the initial Petition (Dkt. No. 1) as Buttler, therefore it appears on the official court docket as Buttler. In Petitioner's state court proceedings and in subsequent pleadings submitted by Petitioner in this Court, notably the Amended Petition (Dkt. No. 2), Petitioner's surname is spelled Butler.

[2] This information is taken from the Petition for Writ of Habeas Corpus, the Response thereto, and the exhibits attached to those pleadings.

Common Pleas of Philadelphia County on September 14, 1990. Petitioner was sentenced to concurrent terms of life imprisonment for murder and ten to twenty years imprisonment for robbery.

On April 2, 1996, Petitioner filed a pro se petition pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA"). See 42 Pa. C.S.A. § 9541, et seq.  Petitioner was appointed counsel, who filed an amended petition on March 5, 1997.  On August 14, 1997, the PCRA court dismissed the petition. Petitioner appealed the PCRA court's dismissal in the Pennsylvania Superior Court on September 23, 1997, which affirmed his sentence for murder and vacated his robbery sentence on January 14, 1999.  Commonwealth v. Butler, 736 A.2d 679 (Pa. Super. 1999)(table).  On August 12, 1999, the Pennsylvania Supreme Court denied petitioner's allocatur petition. Commonwealth v. Butler, 742 A.2d 671 (Pa. 1999)(table).

On July 31, 2001, petitioner filed a second pro se PCRA petition.  The PCRA court dismissed the petition on October 12, 2001, because it was untimely.  Petitioner appealed the dismissal to the Superior Court, which affirmed the dismissal on July 11, 2002.  Resp., Ex. A; Commonwealth v. Butler, 808 A.2d 242 (Pa. Super. 2002)(table).

Petitioner signed the instant Petition for Writ of Habeas Corpus on April 7, 2007, and it was filed with the Clerk of Court on April 16, 2007.  A Supplemental Petition and

Memorandum of Law in Support of the Supplemental Petition was filed on April 30, 2007.  Pursuant to the prison mailbox rule, this Court will consider the date of filing as April 7, 2007.  <u>Burns v. Morton</u>, 134 F.3d 109, 113 (3d Cir. 1997)(motion is deemed filed on date petitioner gave petition to prison officials to mail).  Petitioner claims: (1) constructive denial of counsel and ineffective assistance of counsel when he was constructively denied his right to withdraw his guilty plea by defense counsel where the plea was not knowingly or intelligently entered; (2) constructive denial of counsel and ineffective assistance of counsel when he failed to file a requested notice of appeal or direct appeal where the guilty plea colloquy was deficient; and (3) petitioner's guilty plea was not entered knowingly or intelligently because the trial court failed to explain the elements of willfulness, malice and intent for second degree murder and robbery.  Pet., p. 9.  The Petition was referred for preparation of a Report and Recommendation by the Honorable Marvin Katz on May 3, 2007.

Petitioner admits that his Petition is statutorily barred as untimely, but he claims that he was prevented from timely filing the Petition by counsel's alleged misrepresentations, therefore he falls within an exception allowing for statutory tolling.  In their Response filed June 29, 2007, Respondents contend that the Petition is time-barred, that

the principles of equitable tolling do not apply to excuse the untimeliness of the Petition, and that this case should be dismissed with prejudice and without an evidentiary hearing.

**II.     DISCUSSION**.

Petitioner's case must be decided pursuant to the terms of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which was enacted April 24, 1996.  Pub.L. 104-132, 110 Stat. 1214.  Section 104(2) of the AEDPA amended 42 U.S.C. section 2254, the statute under which this Petition was filed, and requires that federal courts give greater deference to a state court's legal determinations.  The AEDPA also amended 28 U.S.C. section 2244, to require that a one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.  In this case, the applicable starting point to examine the limitation period is the latest date on which the judgment of sentence became final, either by the conclusion of direct review or the expiration of the time for seeking such review.  See 28 U.S.C. § 2244(d)(1).

The AEDPA's one-year statute of limitation is subject to both statutory and equitable tolling.  28 U.S.C. § 2244(d) (enumerating statutory tolling provisions); Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir.), cert. denied, 540 U.S. 921 (2003) (holding AEDPA's time limit is subject to the doctrine of

4

equitable tolling, a judicially crafted exception).  The limitation period will be statutorily tolled for the time during which a "properly filed" application for state post-conviction or other collateral review is pending.  See 28 U.S.C. § 2244(d)(2).  The limitation period will be equitably tolled when the principles of equity would make the rigid application of a limitations period unfair.  Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).  However, if a PCRA petition is not timely filed, it is not considered properly filed in order to toll the AEDPA one-year statutory time period.  Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

Petitioner's judgment of sentence became final on October 14, 1990, thirty days after the Pennsylvania Superior Court affirmed the judgment of sentence and the time for filing a petition for allowance of appeal with the Pennsylvania Supreme Court expired.  See 28 U.S.C. § 2244(d)(1)(A); Pa. R.A.P. 1113; 42 Pa. C.S.A. § 9545(b)(3).  Because Petitioner's judgment of sentence became final before April 26, 1996, the date that the AEDPA was enacted, the one-year time limit to timely file a federal Petition for Writ of Habeas Corpus began on April 26, 1996.  Burns, 134 F.3d at 111.  Petitioner's first PCRA petition was also filed prior to that date, therefore the statute of limitation was tolled until August 12, 1999, when the Pennsylvania Supreme Court denied allocatur, and the PCRA

5

petition ceased to be pending.  The time for computing the limitation period therefore began on August 12, 1999, and remained uninterrupted through August 13, 2000.  Petitioner's second PCRA petition filed on July 31, 2001, did not toll the statutory period because the one-year period had already expired when that PCRA petition was filed.  Untimely PCRA petitions do not toll the one-year statute of limitation pursuant to AEDPA.  Pace, 544 U.S. at 417.  The present Petition was filed on April 7, 2007, over six years after the period of limitation expired.  It is statutorily time-barred.

This Court must next examine whether the AEDPA statute of limitations should be *equitably* tolled.  Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir. 2002), cert. denied, 540 U.S. 826 (2003)(citation omitted).  The United States Court of Appeals for the Third Circuit has held that equitable tolling is proper "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice."  United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998)(citation omitted).  The Petitioner "must show that he . . . 'exercised reasonable diligence in investigating and bringing [his] claims.'  Mere excusable neglect is not sufficient."  Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998)(quoting New Castle County v. Halliburton NUS Corp., 111 F.3d 1116, 1126 (3d Cir. 1997) and citing Irwin v. Dep't of Veterans Affairs, 498

U.S. 89, 96 (1990)).

Courts must be sparing in their use of equitable tolling. Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999). The Third Circuit has set forth the following three circumstances in which equitable tolling is permitted: (1) if the [Respondent] has actively misled the [Petitioner]; (2) if the [Petitioner] has in some extraordinary way been prevented from asserting his rights, or (3) if the [Petitioner] has timely asserted his rights mistakenly in the wrong forum. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001)(citing Jones, 195 F.3d at 159 (citations omitted)).

Petitioner contends that he falls within the second category set forth by the Third Circuit for equitable tolling, or that he "has in some extraordinary way been prevented from asserting his rights." Id. He contends that the state courts, the district attorney's office and his trial and direct appeal counsel have prevented him from asserting his rights regarding his plea colloquy and his right to a direct appeal. Respondents note, however, that these claims have all been available to Petitioner since 1990, and he asserts no valid reason why he was unable to assert them at an earlier date. Resp., p. 4. This Court also notes that although Petitioner argues that his direct appeal counsel prevented him from filing a direct appeal,

Petitioner was not prevented from filing a timely pro se PCRA petition.

To warrant equitable tolling, Petitioner must prove he has in "some extraordinary way been prevented from asserting his ... rights" and he "exercised reasonable diligence in investigating and bringing [the] claims." Fahy, 240 F.3d at 244. In non-capital cases, the Third Circuit has held "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Id. (citations omitted).

In determining whether extraordinary circumstances exist to warrant the application of equitable tolling, this Court must examine Petitioner's due diligence in pursuing the matter under the specific circumstances he faced. Traub v. Folio, No. 04-386, 2004 WL 2252115, at *2 (E.D. Pa. Oct. 5, 2004) (citing Schleuter v. Varner, 384 F.3d 69 (3d Cir. 2004)(affirming dismissal of habeas petition as time barred and not entitled to equitable tolling because lengthy periods of time had elapsed following his conviction before he sought relief)). It is Petitioner's burden to show that he acted with reasonable diligence and that the extraordinary circumstances caused his federal petition to be untimely. Id. Petitioner claims that the factual basis of his claims, i.e., that his counsel failed to file a requested notice of direct appeal in the state court,

8

provides the extraordinary circumstance which should persuade this Court that equitable tolling should apply.  This argument is unconvincing, and does not explain why Petitioner was unable to file the instant Petition on a timely basis until after almost six years following the expiration of the AEDPA statutory time period.  Indeed, Petitioner was able to timely file a pro se PCRA petition.  Under the circumstances of this case, Petitioner did not act in a reasonably diligent fashion because a reasonably diligent petitioner would have acted promptly to preserve his rights not only in the state court, but also in *this* Court.  Petitioner fails to allege any steps that he took to timely file the instant federal Petition, therefore equitable tolling does not apply in this case to render the instant Petition timely.  The Petition is time-barred, and must be denied with prejudice and dismissed without an evidentiary hearing.

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In this case, reasonable jurists could not disagree that the instant Petition is time-barred.  It is statutorily barred, and

9

equitable tolling does not apply.

For all of the above reasons, I make the following:

### **RECOMMENDATION**

AND NOW, this *31st* day of July, 2007, IT IS RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. section 2254 should be DENIED with prejudice and DISMISSED without an evidentiary hearing. There is no probable cause to issue a certificate of appealability.

BY THE COURT:


*/s/ Henry S. Perkin*
HENRY S. PERKIN
United States Magistrate Judge